**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| CHANCE W. HOBROCK, ) | |
|                 Plaintiff, ) | |
| ) | |
| v. ) | Case No.:_____ |
| ) | |
| THE ESTATE OF GARLAND G. SMITH; and ) | |
| THE HUB OF SYRACUSE, INC., ) | |
|                 Defendants. ) | |

**COMPLAINT**

COMES NOW the Plaintiff, by and through his attorneys, and for his causes of action against the Defendants alleges and states as follows:

**I. THE PARTIES**

1. This action is a diversity action between a citizen of another state and citizens/corporations of the State of Kansas.

2. Plaintiff is a resident and citizen of the State of Nebraska.

3. Wanda Smith has been duly appointed as the Administratrix of Defendant The Estate of Garland G. Smith, deceased, pursuant to the Orders entered in the Hamilton County, Kansas District Court Case Number 2019-PR-11.

4. Defendant The Estate of Garland G. Smith, deceased, is a resident of the State of Kansas and may be served with Summons by serving its Administratrix, Wanda Smith, at her residential address, 900 E Francis Avenue, Syracuse, Hamilton County, Kansas 68787.

5. Defendant The Hub of Syracuse, Inc., (hereinafter "The Hub") is a Kansas for profit corporation located at East Highway 50, P.O. Box 638, in Syracuse, Hamilton County, Kansas. This Defendant may be properly served with Summons by serving its

1

registered agent, Wanda Smith, at East Highway 50, P.O. Box 638, in Syracuse, Hamilton County, Kansas.

6. At all times material hereto, Garland G. Smith, deceased, was an employee acting within the nature, course, and scope of his employment with Defendant The Hub.

7. Plaintiff brings these claims both individually and, pursuant to the provisions of K.S.A. § 44-504, for and on behalf of his former employer and its workers compensation insurance carrier as their interests may appear herein.

## II. JURISDICTION AND VENUE

8. Plaintiff adopts and incorporates by reference paragraphs 1 through 7 of his Complaint as if fully set forth herein.

9. The tort which is the subject of this Complaint occurred in Hamilton County, Kansas, which is in this United States District.

10. These proceedings arise under and jurisdiction is founded upon 28 U.S.C. § 1332(a) and the laws of the United States of America as there exists complete diversity of citizenship between the Plaintiff and all the Defendants and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

11. As the subject auto collision occurred in the State of Kansas, the Defendants have sufficient contacts to subject themselves to the personal jurisdiction of this Court and the other courts in the State of Kansas.

12. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the events giving rise to the claim occurred in the State of Kansas and in this United States District.

### III. FACTS COMMON TO ALL COUNTS

13. The Plaintiff adopts and incorporates by reference paragraphs 1 through 12 of his Complaint as if fully set forth herein.

14. On Friday, May 24, 2019, around 10:35a.m., Plaintiff was riding as a front seat passenger in a white 2012 Chevrolet Silverado pick-up which was pulling a large horse trailer. This vehicle was owned by Plaintiff's then-employer, P5 Ranch, LLC, and it was being operated by his co-employee, Payton Chambless.

15. The vehicle in which Plaintiff was a passenger was heading northbound on County Road Y ("CR-Y") in Hamilton County, Kansas, approximately three (3) miles south of the junction of CR-Y with US Highway 50.

16. In this area, CR-Y is a rural north/south dirt road on which the traveled portion of the roadway is approximately twenty-five (25) feet wide with unimproved grassy shoulders on each side of the traveled roadway, which are also approximately twenty-five (25) feet wide.

17. At or around the same time, a red 2019 Chevrolet Silverado, owned by Defendant The Hub and being negligently operated by Garland G. Smith, deceased, was heading southbound on CR-Y in the same immediate area.

18. Garland G. Smith, deceased, was acting as an employee/agent of Defendant The Hub, and Defendant The Hub is vicariously liable for the negligent acts, omissions, and commissions of Garland G. Smith, deceased, occurring within the nature, course, and scope of his employment with Defendant The Hub.

19. The overall terrain of CR-Y is relatively flat, but there are several hills, and one hill in particular is steep and clearly limits the sight-distance of approaching vehicles.

20. The subject collision, described more fully below, occurred at the crest of this steep hill.

21. As is common on most dirt county roads, the majority of vehicles routinely drive in the center of the roadway and then move to the side when meeting an approaching vehicle or when cresting a hill.

22. As the vehicle in which Plaintiff was riding approached the hill in question, Payton Chambless was driving in the center of the roadway; however, because of the sight-distance limitation created by this hill, Mr. Chambless reduced his speed and gradually and appropriately moved the vehicle he was piloting to his right.

23. The entirety of the vehicle in which Plaintiff was riding was appropriately on the right-hand half of the traveled portion of the roadway immediately prior to this collision.

24. Garland G. Smith, deceased, was also operating The Hub vehicle down the center of the roadway as it approached this same hill.  Unfortunately, Mr. Smith did not steer his vehicle to the right as he approached the hill, but rather he continued driving down the center of the roadway.

25. There is no evidence that Garland G. Smith, deceased, reduced the speed of The Hub vehicle he was operating or otherwise took any evasive action to prevent this collision at any time prior to the collision itself.

26. As the sole and exclusive result of the negligence of Garland G. Smith, deceased, these two vehicles violently collided almost head-on at the crest of the hill.

27. This collision was investigated by Trooper John Lawson, Jr., of the Kansas Highway Patrol, who concluded:

> "Physical evidence at the scene of the collision indicates that [the Smith Vehicle] was traveling down the middle of County Road Y at the time of the collision, and not on the right side of the roadway as required, and there is no physical evidence which indicates that [the Smith vehicle] attempted to move over to the right side of the roadway to avoid a collision."

28. Payton Chambless did not have sufficient time, distance, or opportunity to avoid the vehicle being negligently operated by Garland G. Smith, deceased.

29. As a consequence of this collision, Plaintiff sustained extensive and severe personal bodily injuries, which are permanent and progressive in nature, and other damages as more fully set forth below.

**COUNT I:** **NEGLIGENCE, GROSS NEGLIGENCE, RECKLESS AND WANTON CONDUCT, AND VICARIOUS LIABILITY**

30. The Plaintiff adopts and incorporates by reference paragraphs 1 through 29 of his Complaint as if fully set forth herein.

31. The resulting injuries and other damages suffered by Plaintiff as a result of the aforementioned collision were the result of the negligence, gross negligence, reckless and wanton conduct, and fault of Garland G. Smith, deceased, which includes, but is not limited to, the following:

   a. Failure to maintain a proper look-out;

   b. Failure to pay proper attention to the conditions then existing on the roadway;

   c. Failure to yield the right-of-way;

   d. Operating his vehicle at speeds too fast for the conditions then existing on the roadway;

   e. Failure to maintain proper control of his vehicle;

    f.   Failure to properly maneuver the vehicle which he was operating to the right as he approached the hill upon which this collision occurred;

    g.   Failure to operate his vehicle in the appropriate lane of travel; and

    h.   Failure to appropriately reduce his speed as he approached the hill upon which this collision occurred.

32. Upon information and belief, Garland G. Smith, deceased, was acting within the course and scope of his employment and/or apparent agency with Defendant The Hub so as to make Defendant The Hub vicariously liable for his negligent acts, omissions, and commissions.

33. Defendant the Estate of Garland G. Smith, deceased, is liable for the negligent acts, omissions, and commissions of Garland G. Smith, deceased.

34. As a direct and proximate result of the Defendants' negligence, Plaintiff suffered serious personal bodily injuries and other damages, as more fully outlined below, which are permanent and progressive in nature.

## IV. DAMAGES

35. Plaintiff adopts and incorporates by reference paragraphs 1 through 34 of his Complaint as if fully set forth herein.

36. Due to the Defendants negligent, wrongful, and unjustified acts, as set forth above, they are liable for the Plaintiff's resultant damages, which include, but are not limited to: his serious personal bodily injuries which are permanent and progressive in nature; his medical care and treatment to date and the costs associated with such treatment, which are in excess of the Kansas Automobile Injury Reparations Act Tort threshold; the medical care and treatment he can reasonably expect to incur in the

6

future and the costs associated with that medical care and treatment; his past and future pain, suffering, disability, and mental anguish; his permanent disfigurement; his loss of time and income to date and into the foreseeable future; and other damages, all in an amount in excess of $75,000.00, exclusive of interest and costs.

37. No act or omission on the part of Plaintiff or Payton Chambless caused or contributed to cause Plaintiff's injuries or resulting damages.

38. Plaintiff is entitled to judgment against the Defendants in an amount in excess of $75,000.00, exclusive of interest and costs.

## V. CONCLUSION

WHEREFORE AND BY REASON OF THE ABOVE AND FOREGOING, Plaintiff prays that judgment be entered in his favor and against each of the Defendants in an amount in excess of $75,000.00, exclusive of interest and costs, and for such other further relief as the Court deems just and equitable.

Respectfully submitted,

**/s/ Thomas B. Diehl**
Ronald P. Pope, #11913
Thomas B. Diehl, #23166
RALSTON, POPE & DIEHL, LLC
2913 SW Maupin Lane
Topeka, Kansas  66614
Phone:  785-273-8002
Fax:  785-273-0744
ron@ralstonpope.com
tom@ralstonpope.com

and

Benjamin Jackson, #26922
Jackson Legal Group, LLC
325 S. Main St.
Scott City, Kansas 67871
Phone: 620-874-9844
Fax: 307-369-1781
ben@jacksonlegalgroup.net
*Attorneys for the Plaintiff*